UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA MARIE MCCRAVEN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SOLANO COUNTY JUSTICE CENTER, *et al.*,<br><br>　　　　　Defendants. | Case No.  2:23-cv-01122-JDP (PC)<br><br>ORDER |

　　　　Plaintiff brings this section 1983 case against the Solano County Justice Center, its medical and meal contractors, and one of its officers. ECF No. 1 at 2.  She argues that the food at the facility is not suited to keeping her blood sugar low and that it lacks the variety mandated by state law.  For the reasons stated below, the complaint does not state a cognizable claim.  I will offer plaintiff leave to amend, and I will grant plaintiff's application to proceed *in forma pauperis*.  ECF No. 2.

1

**Screening Order**

**I.      Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Analysis**

Plaintiff alleges that the meals served at the Solano County Justice Center are ill-suited to her insofar as they are high in starch and heavily processed, qualities that have caused her blood sugar to rise and have forced her to begin taking insulin. ECF No. 1 at 3. She argues that fresh fruit is medically advised for her condition and that defendants have violated her rights by failing to provide it. *Id.* Additionally, she contends that the food at the jail lacks the variety mandated by state law. *Id.* at 4. These claims are not cognizable. "Pretrial detainees are entitled to adequate food, clothing, shelter, sanitation, medical care, and personal safety." *Alvarez-Machain v. United States*, 107 F.3d 696, 701 (9th Cir. 1996). Here, plaintiff does not claim that she is not getting enough food; she argues that fresh fruit would be optimal for her high blood sugar and that more variety on the jail menu would benefit her health. Both of these arguments are likely true, but nothing in the constitution mandates that prison and jail officials provide inmates with an optimal diet. I recognize plaintiff's claim that her blood sugars have heightened and that she has developed diabetes, but she does not allege that her condition is uncontrolled or that she is not receiving the insulin she needs.

Finally, to the extent any of her claims are based on violations of state law, those claims do not give rise to a cause under section 1983. *Ybarra v. Bastian*, 647 F.2d 891, 892 (9th Cir. 1981) ("Section 1983 protects against deprivation of any rights, privileges, or immunities secured by the Constitution and laws. ... Violations of state law alone are insufficient [to state a Section 1983 claims].").

Plaintiff may file an amended complaint that explains why her claims should be allowed to proceed. She is advised that the amended complaint will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "Amended Complaint" and refer to the

appropriate case number.

    Accordingly, it is ORDERED that:

    1.  Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

    2.  Within thirty days from the service of this order, plaintiff may file an amended complaint. If she does not, I will recommend this action be dismissed.

    3.  The Clerk of Court is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated:  August 24, 2023

    JEREMY D. PETERSON  
    UNITED STATES MAGISTRATE JUDGE

4